```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BINDU JOJI, et al.,
                              Plaintiffs,                   MEMORANDUM
                                                            AND ORDER
        - against -
                                                            08-CV-4339 (JO)
KUWAIT AIRWAYS CORPORATION,
                              Defendant.
-----------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

The parties to this action have reached an agreement to settle the case. Because some of the claims have been asserted on behalf of an infant, the settlement required – and received – court approval. *See* Loc. Civ. R. 83.2(a) (incorporating the requirements of N.Y. C.P.L.R. § 1208); Docket Entry ("DE") 21; DE 22. At the hearing on the proposed settlement, the parties jointly requested that the papers submitted in support of their request for such approval be maintained under seal. DE 21. They assert two reasons why I should permit such secrecy. First, they contend that it is in the "best interests of the infant plaintiff, in not having his ownership of a substantial amount of money revealed to the public at large[.]" DE 23 at 2. Second, they argue that secrecy promotes a societal interest in encouraging the consensual resolution of litigation through the confidentiality of settlement terms. *Id.* Because I respectfully disagree that those reasons suffice as set forth below, I order the settlement documents unsealed.

Courts have long recognized a strong presumption of public access to court records. *See, e.g., Nixon v. Warner Comm'ns Inc.*, 435 U.S. 589, 597-98 (1978). Such openness normally serves the public interest. *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 940 n.31 (2d Cir. 1998) (citing *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir. 1994)). Public access to court records "promotes public confidence in the judicial

system ... the very openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) (citation omitted).

I see no reason peculiar to this case that would justify a departure from that salutary general practice of openness. The infant plaintiff's interest in privacy with respect to the amount of his recovery is understandable, but the parent who sued on his behalf was manifestly prepared to sacrifice that interest to secure an even greater recovery following a jury trial, the result of which would necessarily have been public.

And while I understand and endorse the idea that the secrecy of settlement terms is generally useful in promoting consensual resolutions notwithstanding the potential loss of transparency, I must assume that the applicable law concerning infant compromise proceedings reflects a societal determination of how best to balance those interests. Because I can find no provision of that law – either as applied in New York State or as incorporated into the local rules of this court – that generally requires or permits the filing of proposed settlements under seal, I must assume that the balance of interests favors openness absent some particularized need for secrecy arising from the circumstances of a given case. It is hardly surprising that the relevant policy-makers might have determined that infant compromises should be subject to greater public scrutiny than settlements among adult parties. Just as the vulnerability of infant parties to overreaching by those who litigate on their behalf warrants greater judicial oversight of settlements in which they are involved, so too might it warrant public scrutiny of judicial approval of such settlements. Such scrutiny is impossible where the parties are permitted to seal the settlement proceedings.

Accordingly, although the parties have identified generalized policy considerations that favor confidentiality, I conclude that those reasons do not suffice in light of the absence of any general provision for sealing in the applicable law governing infant compromise proceedings. Because the parties have shown no particularized need for confidentiality arising from the specific circumstances of this case, I further conclude that they have not provided a sufficient reason to frustrate the public's legitimate interest in assessing the court's oversight of the infant compromise. I therefore decline to maintain the motion papers generally, or the amount of the settlement in particular, under seal. To the extent that the papers previously submitted contain personal identifiers that should be redacted, I direct the parties to submit redacted copies suitable for public filing no later than April 16, 2010.

**SO ORDERED.**

Dated: Brooklyn, New York
April 2, 2010

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge